**Opinion issued July 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-25-00160-CR

————————————————

**GARY DEAN CRAWFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CR-3590**

---

## MEMORANDUM OPINION

A jury convicted Gary Dean Crawford of assault, by impeding breath, of an

individual with whom he had a dating relationship, with a previous conviction for

the same offense.[1] Crawford pleaded "true" to one enhancement paragraph, which elevated the punishment range for the offense to that of a first-degree felony.[2] The jury assessed a punishment of life in prison.[3] Crawford appealed.

Crawford's appointed counsel has now filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel states in his brief that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Crawford's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Crawford and informed him of his right to

---

[1] *See* TEX. PENAL CODE § 22.01(b)(2)(B). The prior conviction for assault of a family member by impeding breath made this second-degree felony. *See id.* § 22.01(b-3).

[2] *See id.* § 12.42(b). The State alleged two enhancement paragraphs in the indictment but abandoned one at trial.

[3] *See id.* § 12.32.

access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[4]

Crawford did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. And we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel— determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We therefore affirm the judgment of the trial court and grant counsel's motion to withdraw.[5] *See* TEX. R. APP. P. 43.2(a). Attorney Joel H. Bennett must immediately send the required notice and file a copy of that notice with the Clerk of

---

[4] Subsequently, this Court also notified Crawford at his last known address of his right to access the record and file a response and provided him with a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

[5] Appointed counsel still has a duty to inform Crawford of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guiney and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).